CLERK'S OFFICE U.S. DISTRICT COURT AT
ROANOKE, VA
FILED
11/5/2026
LAURA A. AUSTIN, CLERK
BY: s/C. Kemp
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| FRANK WESLEY WADE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:26-cv-00070 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| GENE HART, | ) | By: Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendant. | ) | |

Plaintiff Frank Wesley Wade, proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983 against Gene Hart, a private defense attorney who represented Wade in connection with a criminal proceeding in the Circuit Court of Rockingham County, Virginia. (*See generally* Compl. [ECF No. 1].) Wade claims that Hart engaged in a conspiracy to violate his federal constitutional rights. (*Id.* at 1.) He also asserts "supplemental state law claims for fraud and gross legal malpractice." (*Id.*)

The case is before the court on Wade's motion for leave to proceed *in forma pauperis*. (ECF No. 2.) Because the court finds that Wade's application satisfies the necessary standard, the court will grant his motion. But after undertaking its independent duty to screen initial filings under 28 U.S.C. § 1915(e), the court will dismiss the action in its entirety.

## I. STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

The following facts are taken from Wade's complaint and the attached "evidence summary." (*See* Compl. Attach. 1 [ECF No. 1-1].) At this stage of the proceedings, the court accepts the allegations as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On or about January 31, 2025, Wade was charged with aggravated malicious wounding in Rockingham County. (Compl. 2.) The related investigation included the execution of a search warrant at Wade's residence, which Wade claims was issued improperly. (Compl. Attach. 1 at 1.) Specifically, Wade alleges that the search warrant was "based on a false and legally unsupported claim of larceny" and that the Commonwealth suppressed evidence that would have shown that the larceny allegation was false. (*Id.* 1–2.) Because of his concerns about the search warrant's validity, Wade retained Defendant Hart, a private defense attorney, to "manage core discovery materials" related to the warrant. (Compl. 2.)

Wade claims that his family gave Hart the original search warrant affidavit for the purpose of creating a copy for Hart's records and that Hart intentionally destroyed the document. (*Id.*) Wade alleges that Hart did so to "conceal fatal defects in the warrant and to protect [Assistant] Commonwealth's Attorney Austin Armentrout from extreme civil liability resulting from the groundless raid." (*Id.*) Wade subsequently discovered that a different affidavit had been fraudulently filed in the public record to replace the affidavit destroyed by Hart. (*Id.*)

After being acquitted of the charge of aggravated malicious wounding on March 31, 2026, Wade filed this action against Hart. (*Id.*) The complaint is styled as a "Civil Complaint for Legal Malpractice, Fraud, and Intentional Destruction of Evidence," and it seeks relief under 42 U.S.C. § 1983 and state law.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e), which governs *in forma pauperis* proceedings, the court has a duty to screen initial filings. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006).

When screening, the court should liberally construe the filings of *pro se* litigants and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But even a *pro se* complaint must state a plausible claim for relief, *see Ashcroft*, 556 U.S. at 679, and the court must dismiss a case "at any time" if the court determines that the complaint "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii).

The standards for reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii) are the same as those that apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief may be granted. *See De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). Therefore, in reviewing a complaint under this statute, the court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a complaint does not need "detailed factual allegations," complaints merely offering "labels and conclusions," "naked assertion[s] devoid of 'further factual enhancement,'" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (alteration in original) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555, 557).

## III. Discussion

### A. Claims Under § 1983

Wade filed suit against Hart under 42 U.S.C. § 1983. "Section 1983 provides a federal cause of action to redress constitutional harms committed under color of state law." *Smith v. Travelpiece*, 31 F.4th 878, 882–83 (4th Cir. 2022). The statute "is not an independent source of substantive rights, but simply a vehicle for vindicating preexisting constitutional and statutory rights." *Safar v. Tingle*, 859 F.3d 241, 245 (4th Cir. 2017). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Wade's complaint does not plausibly allege that Hart acted under color of state law when he destroyed the affidavit submitted in support of the search warrant issued for Wade's residence. As a general rule, "[a] private attorney who is retained to represent a criminal defendant is *not* acting under color of state law, and therefore is not amenable to suit under § 1983." *Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976). Although private attorneys may act under color of state law if they conspire with a state official to deprive a person of his federal rights, *see Tower v. Glover*, 467 U.S. 914, 923 (1984), "[t]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred," *Wiggins v. 11 Kew Garden Court*, 497 F. App'x 262, 264 (4th Cir. 2012). A "'naked assertion of a conspiracy . . . without supporting operative facts' establishing an agreement between the defense attorney and the prosecutor or some other state actor, and a common plan to put the agreement into effect, is insufficient to implicate § 1983 liability." *Bishop v.*

*Richardson*, No. 88-6616, 1988 WL 76277, at *1 (4th Cir. July 21, 1988) (quoting *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984)).

Wade's complaint is devoid of facts from which the court could reasonably infer that Hart conspired with a state official to deprive Wade of his federal rights. The mere assertion that Hart destroyed a search warrant affidavit to protect the Assistant Commonwealth's Attorney from potential liability stemming from the search of Wade's residence is insufficient to suggest that a conspiratorial agreement existed between Hart and the state prosecutor. As the Fourth Circuit has explained, "where a conspiracy is alleged, the plaintiff must plead facts amounting to more than 'parallel conduct and a bare assertion of conspiracy.'" *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011) (quoting *Twombly*, 550 U.S. at 556–57). In other words, the factual allegations in a complaint "must plausibly suggest agreement, rather than being merely consistent with agreement." *Id.* Because Wade has not plausibly alleged that Hart conspired with any state actor to violate his federal rights, his complaint fails to state a claim against Hart under § 1983.

### B. Claims Under State Law

Wade's complaint also asserts claims under state law, including claims of fraud and legal malpractice. Because the only federal claims asserted in the complaint are subject to dismissal for failure to state a claim, the court declines to exercise supplemental jurisdiction over the claims under state law and will dismiss those claims without prejudice. *See* 28 U.S.C. § 1367(c)(3) (authorizing a district court to decline to exercise supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction"); *Williams v. Mitchell*, 122 F.4th 85, 92 (4th Cir. 2024) ("Generally, when a district court dismisses all federal claims in

the early stages of litigation, it should decline to exercise jurisdiction over any remaining pendent state law claims by dismissing those claims without prejudice." (internal quotation marks omitted)).

## IV. CONCLUSION

For the reasons discussed above, the court will grant Wade's application to proceed *in forma pauperis*, but it will dismiss the complaint without prejudice.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to Wade.

**ENTERED** this 5th day of November, 2026.

HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE